UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAB Industries Corp.,

    Plaintiff,

v.

Channingway Center LLC,

    Defendant.

Case No. 2:23-cv-3083

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Channingway Center LLC ("Defendant") moves to dismiss MAB Industries Corp.'s ("Plaintiff") First Amended Complaint. Mot., ECF No. 11. For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    FACTS[1]

On April 9, 2021, Mark Bauman ("Mr. Bauman"), Plaintiff's president, and Defendant entered into a Purchase and Sale Agreement ("PSA"), in which Mr. Bauman agreed to buy a commercial property, located at 6100 and 6056 Channingway Boulevard, Columbus, Ohio 43232 ("Property"), from Defendant for $2,369,000.00. First Am. Compl. ¶¶ 7, 16–18, ECF No. 7.[2]

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendants' motion. *See Warner v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).

[2] Plaintiff's filing of the First Amended Complaint, ECF No. 5, did not comply with Local Rule 5.1(c). Plaintiff filed an amended document, ECF No. 7. The Court will cite ECF No. 7, with one exception. Certain portions of the Mediation Position Statement attached to the First Amended Complaint are difficult to read, particularly what is defined below as the "Second Addendum." *See* Second Addendum, PAGEID # 270, ECF No. 7-2. Therefore, when necessary, the Court will cite the Second Addendum as attached to Plaintiff's original Complaint. *See* Exhibit A-2 PAGEID # 38, ECF No. 1-2.

Under the PSA, Mr. Bauman made an initial earnest money deposit of $236,900.00. *Id.* ¶ 19. The earnest money was presumptively non-refundable. First Am. Compl. ¶ 27, ECF No. 7; PSA PAGEID # 210, ECF No. 7-1 ("[t]he Earnest Money Deposit is non-refundable *except as set forth in this [PSA.]*" (emphasis added)). Under Section 8(A) of the PSA, one exception to non-refundability was "[i]f seller is the breaching party." First Am. Compl. ¶ 28, ECF No. 7; PSA PAGEID # 212, ECF No. 7-1.

Return of the earnest money was not Plaintiff's exclusive remedy in the event of Defendant's breach, however. PSA PAGEID # 212, ECF No. 7-1 ("If Seller is the breaching party, Closing Agent shall return the Earnest Money Deposit to Buyer, *and Buyer shall be entitled to pursue remedies at law or in equity.*" (emphasis added)).

In addition, Defendant provided the following representation and warranty in the PSA (the "Representation"):

> Except for the leases (including any amendments[)] listed in Exhibit C ("Leases"), Seller knows of no other agreement with respect to the occupancy of the Property that will be binding on Buyer after Closing, and to Seller's knowledge, the information on Exhibit C and copies of any Leases delivered by Seller to Buyer are true, correct and complete in all material respects.

First Am. Compl. ¶ 41, ECF No. 7; PSA PAGEID # 213, ECF No. 7-1. The truth of the Representation, as of the date the PSA was executed, was also a condition precedent to Plaintiff's obligation to close. First Am. Compl. ¶ 37; PSA PAGEID # 211, ECF No. 7-1.

Moreover, Defendant had a duty to deliver to the Closing Agent, on or before the Closing Date, "[a]ny and all other instruments reasonably required by Closing Agent or otherwise necessary to Close the transactions[.]" First Am. Compl. ¶¶ 29–30, ECF No. 7; PSA PAGEID # 210, ECF No. 7-1.

If a party "learn[ed] that a closing condition [wa]s unlikely to be satisfied," that party was required to "promptly notify the other party, and both parties" were required to "cooperate in good faith to fairly and promptly resolve the matter." First Am. Compl. ¶ 38, ECF No. 7; PSA PAGEID # 211, ECF No. 7-1.

The PSA also states that if either party so requests, any dispute arising under the PSA must be submitted to mediation before a party initiates court action. First Am. Compl. ¶ 40, ECF No. 7; PSA PAGEID # 214, ECF No. 7-1.

After signing the PSA, the parties executed several modifications to extend the closing date (collectively, the "Addenda"). Mr. Bauman later assigned his rights and obligations under the PSA to Plaintiff. First Am. Compl. ¶ 22, ECF No. 7; Assignment PAGEID # 265–66, ECF No. 7-2.

### A. First Addendum

First, Mr. Bauman and Defendant entered into an addendum to the PSA in May 2021 ("First Addendum") to extend the closing date to July 8, 2021. Mr. Bauman paid an additional $118,450.00 in earnest money as consideration to extend the closing date. First Am. Compl. ¶ 21, ECF No. 7; First Addendum PAGEID # 263, ECF No. 7-2.

The First Addendum authorized and instructed the Closing Agent to "immediately pay [Defendant] an amount equal to $236,900.00 from the Earnest Money Deposit, which payment shall be nonrefundable, may be retained by [Defendant] in all circumstances, and shall constitute a decrease in the Earnest Money Deposit for all purposes under the [PSA]." First Addendum PAGEID # 263, ECF No. 7-2. Thus, by the time the Closing Agent paid Defendant the existing $236,900.00 and Plaintiff made a new $118,450.00 earnest money deposit, the earnest money account held $118,450.00.

B. **Second Addendum**

In July 2021, Plaintiff and Defendant entered a second addendum to the PSA, which extended the closing date, again, to July 26, 2021 ("Second Addendum"). First Am. Compl. ¶ 23, ECF No. 7; Second Addendum PAGEID # 269–70, ECF No. 7-2. Plaintiff alleges Mr. Bauman made another payment of $118,450.00 in earnest money as consideration for the second extension. First Am. Compl. ¶ 23; Exhibit A-2 PAGEID # 38, ECF No. 1-2. The Second Addendum again instructed the Closing Agent to "immediately pay Seller an amount equal to $118,450.00 from the Earnest Money Deposit" under the same terms as the First Addendum. Second Addendum, PAGEID # 269, ECF No. 7-2. Thus, with the payment to Defendant and Plaintiff's third earnest money deposit, the earnest money account post-Second Addendum held $118,450.00.

The Second Addendum also includes an "AS IS, WHERE IS" provision, stating in part: "Buyer hereby acknowledges that Seller has satisfied all of its

obligations and Seller shall have no further obligations to Buyer." Exhibit A-2 PAGEID # 38, ECF No. 1-2.

### C. The Third Addendum

Finally, Plaintiff and Defendant entered the last addendum in August 2021, to extend the closing date a third time ("Third Addendum"). First Am. Compl. ¶ 24, ECF No. 7. Mr. Bauman allegedly paid an additional $118,450.00, *id.*, but the Third Addendum does not provide for another earnest money deposit. Third Addendum PAGEID # 271–72, ECF No. 7-2. The Third Addendum again instructed the Closing Agent to "immediately pay Seller an amount equal to $118,450.00 from the Earnest Money Deposit," under the same terms as the First and Second Addenda. *Id.* PAGEID # 271. Thus, after the Third Addendum, the earnest money account contained $0, and if Plaintiff in fact made another deposit of $118,450.00, it was not earnest money.

### D. Closing

Between the PSA and the Addenda thereto, Plaintiff paid a total of $473,800.00 in earnest money. First Am. Compl. ¶ 25, ECF No. 7. The closing never took place, and Plaintiff now brings claims for breach of contract, unjust enrichment, fraud, and a request for declaratory judgment. *See generally, id.* ¶¶ 88–110. Plaintiff seeks recovery of the initial payments, in addition to other damages and attorneys' fees. *Id.* at 2.

## II.  STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

As noted above, Plaintiff brings claims for (1) breach-of-contract (Count I); (2) unjust enrichment (Count II); and (3) fraud (Count III); Plaintiff also requests a declaratory judgment (Count IV).

### A. Breach of Contract

The elements of a breach of contract claim are (1) "existence of a contract," (2) "the failure without legal excuse of the other party to perform when performance is due, and" (3) "damages or loss resulting from the breach." *Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 469 (Ohio 2018) (citations omitted).

Applied here, Plaintiff alleges that the parties had a contract: the PSA and Addenda. *See* First. Am. Compl. ¶¶ 16–19, ECF No. 7 (alleging the parties entered into the PSA) and *id.* ¶¶ 21–24 (alleging the parties entered into the Addenda). Plaintiff asserts that Plaintiff performed (or, that Plaintiff's performance was excused). *See, e.g., id.* ¶¶ 26, 55–61, 90. Plaintiff alleges Defendant breached in the following ways:

First, Plaintiff alleges that the Representation was false, and Defendant knew it was false. *See id.* ¶¶ 41–51, 53–54; PSA PAGEID # 213, ECF No. 7-1.

Second, Plaintiff alleges Defendant failed to fulfill its obligation to deliver to the Closing Agent, on or before the closing date, "[a]ny and all other instruments reasonably required by [c]losing [a]gent or otherwise necessary to Close the transaction[,]" in that Defendant refused to give the Closing Agent: (1) an

updated rent roll and an update on the security deposit credit; (2) an original lease for one of the tenants (or, an amendment); and (3) certain agreements by other tenants. First Am. Compl. ¶¶ 29–30, 34, 52, ECF No. 7; PSA PAGEID # 210, ECF No. 7-1.

Third, Plaintiff alleges that after notifying Defendant of its other breaches, Defendant breached its promise to "cooperate in good faith to fairly and promptly resolve the matter[.]" First Am. Compl. ¶¶ 38, 65, ECF No. 7; PSA PAGEID # 211, ECF No. 7-1.

Fourth, Plaintiff alleges Defendant breached the provision of the PSA requiring the Closing Agent to return the earnest money to Plaintiff "[i]f [Defendant] is the breaching party," by refusing to return Plaintiff's earnest money. First Am. Compl. ¶ 28, ECF No. 7; PSA PAGEID # 212, ECF No. 7-1.

Fifth, Plaintiff alleges Defendant breached the PSA by failing to participate in mediation. See First Am. Compl. ¶¶ 40, 69, ECF No. 7; PSA PAGEID # 214, ECF No. 7-1.

As to the fourth element of a breach-of-contract claim, Plaintiff alleges it was damaged by Defendant's breaches, in an amount to be determined at trial. First Am. Compl. ¶¶ 86–87, 92, ECF No. 7.

Thus, having alleged contract, breach, and damages, Plaintiff states a claim for breach-of-contract, with one exception. Plaintiff fails to plead a breach-of-contract claim based on the theory that Defendant breached by refusing to return Plaintiff's earnest money. Plaintiff fails to allege the PSA imposed any

duty on *Defendant* to return the earnest money. *See generally, id.* Plaintiff points to Section 8(A) of the PSA, but that provision imposes a duty on the *Closing Agent* to return the earnest money. *See id.* ¶ 28, ECF No. 7; PSA PAGEID # 212, ECF No. 7-1. Plaintiff's conclusory allegation that Defendant breached the PSA by failing to return Plaintiff's earnest money therefore does not state a claim for breach-of-contract. *See* First Am. Compl. ¶ 85, ECF No. 7. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's breach-of-contract claim only to the extent that it is based on Defendant's refusal to return Plaintiff's earnest money.

As for Plaintiff's other theories of breach, Plaintiff states a claim for breach-of-contract.

Defendant disagrees, arguing Plaintiff's breach-of-contract claim is defeated by the plain language of the Addenda. Mot. 7–10, ECF No. 11. Plaintiff responds that the Addenda are unenforceable because Defendant's misrepresentations prevented a meeting of the minds. Resp. 5–6, ECF No. 15.

### 1. Scope of Record

Before turning to the merits on the breach-of-contract claim, the Court must first address whether and to what extent it can consider the Addenda when ruling on the pending motion. "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, *and exhibits attached to the complaint* may be taken into account." *Amini v. Oberlin*

*Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis in original) (internal quotation marks and citation omitted).

Plaintiff references the Addenda in the Amended Complaint. Am. Compl. ¶¶ 21, 23–24, ECF No. 7. Moreover, Plaintiff attaches the Addenda to the Amended Complaint. *See* First Addendum PAGEID # 263–64, ECF No. 7-2; Second Addendum PAGEID # 269–70, ECF No. 7-2; Third Addendum PAGEID # 271–72, ECF No. 7-2. Accordingly, the Court may consider the Addenda in connection with Defendant's motion to dismiss.

### 2. Whether the Addenda Defeat Plaintiff's Breach-of-Contract Claim

According to Defendant, three distinct provisions of the Addenda are each sufficient to defeat Plaintiff's breach-of-contract claim. Mot. 7–10, ECF No. 11. Defendant argues that, under the Addenda, (1) there is no earnest money left to return to Plaintiff, (2) all the money released to Defendant via the Addenda is nonrefundable, and (3) Plaintiff waived all of Defendant's performance obligations. The Court will address each argument in turn.

For the purposes of *this* analysis, the Court will presume the Addenda are enforceable.

#### i. Release of Earnest Money

The first provision Defendant points to in the Addenda removes amounts from earnest money and releases them to Defendant, which Defendant argues

defeats Plaintiff's breach-of-contract claim because there is no earnest money left to be recovered. See Mot. 9, ECF No. 11.

The Court agrees that there is no earnest money left to return to Plaintiff under the PSA. As explained in the statement of facts, Plaintiff made a total earnest money deposit of $473,800.00, under the PSA, the First Addendum, and the Second Addendum. First Am. Compl. ¶¶ 19, 21, 23, 25, ECF No. 7; First Addendum PAGEID # 263, ECF No. 7-2; Second Addendum PAGEID # 269, ECF No. 7-2. The Addenda also released earnest money to Defendant. Each Addendum provides:

> Closing Agent is authorized and instructed to immediately pay Seller an amount equal to $[] from the Earnest Money Deposit, which payment shall be nonrefundable, may be retained by Seller in all circumstances, *and shall constitute a decrease in the Earnest Money Deposit for all purposes under the [PSA]*.

First Addendum PAGEID # 263, ECF No. 7-2 (emphasis added); Second Addendum PAGEID # 269, ECF No. 7-2 (emphasis added); Third Addendum PAGEID # 271, ECF No. 7-2 (emphasis added). The total amount paid out to Defendant was $473,800.00. First Addendum PAGEID # 263, ECF No. 7-2; Second Addendum PAGEID # 269, ECF No. 7-2; Third Addendum PAGEID # 271, ECF No. 7-2. Because each of these payments to Defendant "constitute[d] a decrease in the Earnest Money Deposit for all purposes under the [PSA]," there is no longer any earnest money. Accordingly, the amount of *earnest money* Plaintiff can recover is $0.

That said, it does not follow that Plaintiff's entire breach-of-contract claim fails. The Court already granted, on other grounds, Defendant's motion to dismiss Plaintiff's breach-of-contract claim to the extent that it is based on Defendant's refusal to return the earnest money. As to Plaintiff's other theories of breach, the PSA does not limit Plaintiff's damages to the earnest money. *See* PSA PAGEID # 212, ECF No. 7-1 ("If Seller is the breaching party, Closing Agent shall return the Earnest Money Deposit to Buyer, *and Buyer shall be entitled to pursue remedies at law or in equity*." (emphasis added)). In other words, this earnest money provision is not a liquidated damages clause. *See Atlas Noble, LLC v. Krizman Enterprises*, 692 Fed. App'x 256, 266 (2017) (citing Ohio caselaw for examples of earnest money provisions that are not liquidated damages clauses). Even though there is no earnest money left, Plaintiff may still be able to recover actual damages, including the $473,800.00 paid as consideration. Accordingly, because the earnest money is not Plaintiff's exclusive remedy, the fact that the earnest money account is empty does not defeat its breach-of-contract claim.

### ii. Refundability

Second, Defendant argues that the same provisions, as quoted above, made the money released to Defendant nonrefundable in all circumstances, such that even if Defendant breached, Plaintiff cannot recover the $473,800.00. Mot. 8–9, ECF No. 11.

The Addenda state that such payments are "nonrefundable," and "may be retained by Seller in all circumstances[.]" First Addendum PAGEID # 263, ECF No. 7-2; Second Addendum PAGEID # 269, ECF No. 7-2; Third Addendum PAGEID # 271, ECF No. 7-2.

Defendant's argument that the amounts released are nonrefundable, without exception, is unpersuasive. Regardless of the plain language, a non-breaching party may be able to recover a "nonrefundable" payment in certain cases. As the Sixth Circuit explains when analyzing another state's contract law:

> A simple illustration shows why the district court's position is not only legally correct but also sensible. Consider a buyer who enters into a contract to purchase a home and, at the time of contract, tenders a "non-refundable" advance payment of a thousand dollars to the seller, who then takes the property off the market in anticipation of its sale. Of course, if the buyer subsequently decides not to purchase the property through no fault of the seller, the seller may rightly keep the advance payment—it's non-refundable, after all. But what if the seller breached the contract by selling the house to another, or by deciding against selling it altogether? Surely the seller could not both fail wholly to perform and yet keep the buyer's payment, even though the payment was styled "non-refundable." To the contrary, the buyer would be entitled to recover the payment on account of the non-occurrence of the constructive condition of the seller's performance.

*Allied Erecting & Dismantling Co. v. United States Steel Corp.*, 726 F. App'x 279, 287 (6th Cir. 2018) (analyzing a breach-of-contract claim under Pennsylvania law). Defendant has not cited any cases suggesting that Ohio contract law would not be similar as to the interpretation of a "nonrefundable" provision; nor is the Court independently aware of such caselaw. Moreover, the Court finds *Allied's*

reasoning persuasive enough to deny Defendant's motion at this stage of litigation. Thus, because Defendant's performance was a constructive condition to Plaintiff's obligation to pay, the fact that the Addenda make the payments "nonrefundable" does not *necessarily* defeat Plaintiff's breach-of-contract claim.

At bottom, Defendant's second argument presumes Defendant performed. Discovery may reveal that Defendant did not materially breach or that Defendant's performance was excused. That said, the Court is testing the sufficiency of the First Amended Complaint, not engaging in fact-finding. Accordingly, the fact that Addenda made the payments "nonrefundable" "in all circumstances" does not, at this stage, defeat Plaintiff's breach-of-contract claim.

### iii. Waiver of Obligations

Third, Defendant argues Plaintiff's claim fails because, in the Second Addendum, Plaintiff acknowledged Defendant had satisfied all its obligations and waived any further performance. Mot. 9–10, ECF No. 11.

The Second Addendum states: "Buyer hereby acknowledges that Seller has satisfied all of its obligations and Seller shall have no further obligations to Buyer." Exhibit A-2 PAGEID # 38, ECF No. 1-2.

"[A] court's principle objective is to ascertain and give effect to the intent of the parties[,]" and that intent presumptively lies in the plain language of the contract. *7 Med. Sys., LLC v. Open Mri of Steubenville*, No. 11 JE 23, 2012 WL 2522646, at *4 (Ohio Ct. App. June 18, 2012) (citations omitted). But courts generally will not interpret a contract consistent with the plain language when that

interpretation would render the contract illusory and, therefore, unenforceable. *Id.* at *6. An illusory contract is "[a]n agreement in which one party gives as consideration a promise that is so insubstantial as to impose *no obligation*." *Illusory Contract*, Black's Law Dictionary (11th ed. 2019) (emphasis added).

The plain language of the above provision creates an illusory contract. Defendant could not have satisfied *all* of its obligations before entering the Second Addendum, because Defendant still had a duty to close. Yet according to Defendant, the Court should read the provision as an acknowledgment that Defendant had already "satisfied *all* of its obligations" under the PSA (even though untrue) and a waiver of any "further obligations[.]" Mot. 9–10, ECF No. 11; Exhibit A-2 PAGEID # 38, ECF No. 1-2. Under this reading, the above provision gave Defendant the option to perform any of its not-yet-performed obligations, including its obligation to close, by or on the closing date. *7 Med. Sys., LLC*, 2012 WL 2522646, at *6 (An example of an illusory contract . . . is "I promise to render a future performance, if I want to, when the time arrives." (cleaned up)). Therefore, while Defendant's reading is consistent with the plain language, it would render the PSA and Addenda illusory.

Accordingly, the Court cannot give the provision its plain meaning. And, because "ascertaining the parties' intent constitutes a question of fact," the Court cannot at this stage say the above provision precludes Plaintiff's breach-of-contract claim. *7 Med. Sys., LLC*, 2012 WL 2522646, at *3.

In sum, even assuming the Addenda are enforceable, none of the above-quoted provisions preclude Plaintiff's breach-of-contract claim. Therefore, as to the breach-of-contract claim (Count I), Defendant's motion is **DENIED**, except as noted above.

B. **Unjust Enrichment and Fraud**

Defendant argues Plaintiff's unjust enrichment claim (Count II) should be dismissed because an express contract governs. Mot. 11–12, ECF No. 11.[3] Similarly, Defendant argues Plaintiff's "fraud" claim (Count III) should be dismissed because the misrepresentations all stem from contractual duties under the PSA. *Id.* at 12–13.

The Court assumes Plaintiff pleads its unjust enrichment and fraudulent inducement claims in the alternative to its breach-of-contract claim. The Court construes the First Amended Complaint as alleging that if the contract (the PSA and Addenda) is unenforceable based on fraudulent inducement, then Plaintiff seeks to recover under its unjust enrichment and fraudulent inducement claims. The Court cannot determine at this point whether there was an enforceable contract. Therefore, Plaintiff may plead breach-of-contract along with, in the alternative, fraudulent inducement and unjust enrichment. *See, e.g., Price*, 2020 WL 5433683, at *2–4 (allowing fraud claim and unjust enrichment claims,

---

[3] Defendant also argues Plaintiff fails to state a claim for unjust enrichment because Defendant has a right to keep the money it received under the Addenda. Mot. 11–12, ECF No. 11. For the same reasons explained in addressing Defendant's arguments as to Plaintiff's breach-of-contract claim, this argument is unpersuasive.

pleaded in the alternative to breach-of-contract claim, to survive motion-to-dismiss); *see also Duff v. Centene Corp.*, 565 F. Supp. 3d 1004, 1025–27 (S.D. Ohio 2021) (finding fraudulent inducement claim not duplicative of breach-of-contract claim at the pleading stage).

Accordingly, with respect to Plaintiff's unjust enrichment claim (Count II) and fraudulent inducement claim (Count III), Defendant's motion is **DENIED**.[4]

## C. Declaratory Judgment

Finally, Plaintiff asserts a "claim" for declaratory judgment ("Count IV"). First Am. Compl. ¶ 108–110, ECF No. 7. Plaintiff asserts it is entitled to declaratory judgment on the following: "(1) the initial payments made by MAB are not enforceable liquidated damages; and (2) Defendant's retention of the initial payments made by MAB constitute an unenforceable penalty." *Id.* ¶ 110.

Defendant argues the Court should dismiss Plaintiff's request for declaratory judgment because Plaintiff's contentions are legally incorrect. *See* Mot. 13, ECF No. 11. Defendant argues (1) the initial payments are enforceable liquidated damages, and (2) that Defendant has a right to keep the keep the initial payments as consideration for the Addenda. *Id.* at 13–16.

---

[4] That said, the Court's task at this juncture was made more difficult due to Plaintiff's vague and seemingly shifting arguments. It is not clear to the Court whether Plaintiff's theory is that the PSA and Addenda are enforceable, that somehow the PSA is enforceable, but the Addenda are not, or that the PSA and Addenda are unenforceable (which would necessarily preclude Plaintiff from asserting a breach-of-contract claim). Defendant is entitled to know what theory it is defending against on each claim, and Plaintiff will therefore have to give Defendant notice of its theories after the completion of discovery and before summary judgment.

As explained above, the earnest money provision is not a liquidated damages clause with respect to Plaintiff's rights, and the Court cannot determine at this stage whether Defendant is entitled to the initial payments. Accordingly, as to Count IV, Defendant's motion is **DENIED**.

### IV. CONCLUSION

For these reasons, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's breach-of-contract claim is **DISMISSED WITH PREJUDICE** only to the extent that it is based on Defendant's refusal to return Plaintiff's earnest money.

The Clerk is **DIRECTED** to terminate ECF No. 11.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**